JOHNSON, Judge.
This suit was filed to collect an amount the plaintiff alleges to be due it for an outdoor, double faced, advertising sign with neon light between the two faces, which defendant employed plaintiff to construct and erect. The contract price for the erected sign itself was $432.75, on which the defendant made a down payment of $108.00. Plaintiff’s petition alleges that the sign was made and erected in accordance with the agreement with defendant and claims the remainder of $324.75. Defendant reconvened for the return of the down payment. Judgment by the Twenty-Fourth Judicial District Court dismissed plaintiff’s suit and the reconventional demand, and plaintiff has appealed.
Testimony on behalf of plaintiff shows that in the beginning of their negotiations the plaintiff made a sketch with block letters. Before they came to any agreement about the lettering the defendant submitted to plaintiff a design of the letter “M” and instructed the plaintiff to make the sign in accordance with plaintiff’s interpretation of scroll letters. The plaintiff made a sketch, filed in evidence as Exhibit P-A, with fancy lettering, but plaintiff did not obtain the approval of defendant before constructing the sign in accordance with that sketch. When the sign was erected, the arrow, which was included as part of the sign and which should have pointed toward defendant’s place of business, actually pointed on one side in the wrong direction. The sign was erected in front of defendant’s place of business. In addition to the error in the arrow, defendant did not like some of the lettering and did not like the oblique angle of some of the other letters. Plaintiff’s representative explained to defendant that inasmuch as plaintiff would need to remove the face which showed the arrow pointing in the wrong direction, the plaintiff might as well change the design of all of the letters on that face to something which defendant would like and approve. In the beginning of the negotiations plaintiff had actually made a sketch showing block letters throughout the sign but had not submitted it to the defendant for the reason that defendant wanted scroll lettering of a fancy design in accordance with her own drawing of the letter “M” which she submitted. Therefore, at this stage the plaintiff submitted to defendant its original sketch with block letters throughout and defendant approved and signed that sketch as being satisfactory. This sketch, showing the signature of defendant approving it, is in the record as Exhibit P-B. The plaintiff then took off the one face with the arrow pointing in the wrong direction and made and installed another face from the design which defendant had approved. The whole sign then consisted of two faces, each face being of a different design and size of lettering. One side contained the fancy or scroll lettering, which defendant had disapproved, and the other side was replaced with the block lettering which defendant had approved.
In approving the design with the block lettering Mrs. Townsley wanted a pink background and that notation is made on the sketch which she approved. When the face which was replaced was redone and erected, defendant was still not satisfied with the sign and demanded that both faces be made over. Plaintiff’s witness said: “ * * * and of course my boss would not do it.”
*908 Defendant refused to pay and demanded that the $108.00 which she originally paid be returned. Both faces of the sign were removed, and new faces made and installed by another concern at the instance of defendant. Who actually removed the two faces of plaintiff’s sign is not made clear and it is not important.
From the evidence it is apparent that the whole difficulty is the result of the failure of plaintiff to have a definite and complete understanding with the defendant before he constructed and erected the sign. In the first place, plaintiff made the sign according to plaintiff’s own interpretation of scroll lettering from the design of one letter “M” submitted by the defendant, but plaintiff did not get approval of its interpretation before it made the sign. The photograph of one face of the sign filed in evidence conforms almost exactly to the sketch P-A, but plaintiff’s trouble is that this sketch was not submitted and approved by defendant before the sign was made and erected.
Plaintiff did get the approval of defendant of its sketch of the block lettering but plaintiff removed only one face of the sign and did not remove and change the other face, which was left entirely different and unsatisfactory to defendant. Plaintiff well knew that defendant did not approve or accept the scroll lettering on the side that he did not remove. If defendant had no other objections, the sign in that shape would certainly not be acceptable.
Plaintiff offered in evidence what purports to be a written contract. That document, signed by defendant but not signed by the plaintiff, provides that the double face, plastic sign should read “MERLE NORMAN— 6" letters, COSMETICS GIFTS— 4" letters.” The sketch by which the sign was originally made but which was never approved before it was made shows that the letters in the name of “Merle Norman” are 5" and 10" letters instead of 6" letters throughout the name as provided by the written document. The sketch and lettering which defendant did approve and to which one face of the sign was changed conforms to the specifications of the written contract.
Defendant also complains that both sides were made of clear plexiglass painted pink. Defendant contends that the agreement between them required the use of pink plexiglass. Plaintiff’s witness acknowledged that pink plexiglass is available from the factory, but contends that painting clear plexiglass was substantially complying with that requirement. We do not think it was.
The trial Court dismissed defendant’s re-conventional demand and defendant did not appeal.
For these reasons, the judgment appealed from is affirmed.
Affirmed.